# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| ANTHONY THOMPSON, | : | Case No. 1:24-cv-2 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Jeffery P. Hopkins |
| | : | Magistrate Judge Karen L. Litkovitz |
| JENNIFER L. BRANCH d/b/a HAMILTON | : | |
| COUNTY COMMON PLEAS COURT | : | |
| JUDGE AND ALL SUCCESSORS, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

Anthony Thompson has filed a Complaint alleging that his constitutional rights were violated during a criminal case against him in state court.  (Doc. 1-1).  He is proceeding in this federal civil case *in forma pauperis* and without the assistance of counsel.

The matter is currently before the Court for the required screening of the Complaint.  The undersigned Magistrate Judge concludes that the Complaint should be dismissed in its entirety, and **RECOMMENDS** that the Court dismiss some claims <u>with</u> prejudice, and some claims <u>without</u> prejudice.

## I.     Initial Screening Standard

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his Complaint.  28 U.S.C. § 1915(e)(2).  The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29

(1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient.  *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]).  Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials."  *Wells v. Brown*, 891 F.2d 591, 594

2

(6th Cir. 1989).  Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II.    Parties and Claims

Plaintiff Thompson is a defendant in a state criminal matter pending in the Common Pleas Court of Hamilton County, Ohio.  *See State of Ohio v. Anthony Thompson*, No. B2203847, available by name or case number search at https://www.courtclerk.org/records-search/ (last accessed January 30, 2024) (hereinafter, the "Criminal Case").  It appears that Plaintiff is not in jail at this time but has been released on bond and is subject to electronic monitoring while awaiting trial.  *See id.* (particularly, the "Plea of Not Guilty Entered at Arraignment and Entry Setting Bond" dated August 26, 2022, and "Entr[ies] Modifying Bond" dated August 4, 2023 and January 23, 2024).  (*See also* Doc. 1-1, PageID 11).  The Court may take judicial notice of these court records that are available online to members of the public.  *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

Plaintiff sues several defendants apparently involved in the Criminal Case, in both their official and individual capacities.  (Doc. 1-1, PageID 5-6, 9-10).  **First**, he sues the state court judge, the Honorable Jennifer L. Branch.  (*Id.*).  He alleges that she placed him on "EMU" (presumably, a type of electronic monitoring) as a condition of his pre-trial bond, which he characterizes as false imprisonment because he posted a monetary bond.  (*Id.*, PageID 11).  He also alleges that Judge Branch improperly appointed counsel and/or refused to remove counsel and to allow him to represent himself in the Criminal Case, even after he was found competent to

3

stand trial. (*Id*., PageID 11-12). Finally, he alleges that she struck a pro se filing he made in the case, presumably because he was represented by counsel. (*Id*., PageID 11).

**Second**, Plaintiff sues four officers with the Cincinnati Police Department who appear to have been involved in his arrest: Officers Dezarn, Goetz, Abt, and Dunahay. (*Id*., PageID 5, 6, 9). He appears to allege that the officers removed him from a house without showing him a search warrant, would not let him use the restroom, and failed to advise him of his *Miranda* rights before beginning to question him. (*Id*., PageID 11).

**Third**, Plaintiff sues the Hamilton County Prosecutor's Office and/or Jordan Blake, the assistant prosecuting attorney in the Criminal Case. (Doc. 1-1, PageID 5, 6, 9). No specific allegations are made against Blake or the Prosecutor's Office, as best as can be determined from the pro se Complaint.

**Fourth**, Plaintiff may also sue the State of Ohio and the Cincinnati Police Department, but the Complaint is not entirely clear on this point. (Doc. 1, PageID 1; Doc. 1-1, PageID 5, 6, 9-10). No specific allegations are made against these apparent defendants.

Plaintiff asserts that the identified defendants denied him due process and equal protection of the law and violated the Fourteenth Amendment. (Doc. 1-1, PageID 10-12). He may also invoke the Fourth, Fifth, and/or the Sixth Amendments with respect to his claims against the Defendant Officers. It is unclear if his false imprisonment allegation is raised under the Fourth Amendment or state law, so the Undersigned will consider both. (*Id*., PageID 11). In sum, the Undersigned reads the Complaint as raising federal constitutional claims under 42 U.S.C. § 1983, as well as a state tort claim for false imprisonment against Judge Branch. The Complaint also includes references to or quotes from several federal criminal statutes, including those prohibiting identity theft, social security fraud, conspiracy, the Racketeer Influenced and

Corrupt Organizations Act, securities fraud, and mail fraud. (*Id.*, PageID 12-15). These references are not linked to any particular facts or defendant.

Plaintiff seeks only injunctive relief, and appears primarily to seek a stay of the Criminal Case. (Doc. 1-1, PageID 11, 15). He asks that "an injunction be placed upon the state of Ohio, the county of Hamilton, local, law-enforcement, the EMU agency, the state and local prosecutors office until this matter is resolved in the Federal District Court[.]" (*Id.*, PageID 15). He may also seek to remove electronic monitoring as a condition of his pre-trial bond. (*Id.*, PageID 11 (he "seek[s] remedy of the Federal court for relief of [an] injunction removing the EMU AGENCY and all parties involved and [their] successor[s] until matters before this court [are] resolved, he has posted a bond which can be used and is active.")).

### III.   Discussion

Some of Plaintiff's claims cannot succeed as a matter of law, and the Court should dismiss them <u>with</u> prejudice. The remaining claims should be dismissed <u>without</u> prejudice, for one or more reasons, as discussed below.

####    A.    <u>**Claims that should be dismissed WITH prejudice**</u>

#####       1. <u>Judge Branch</u>

Plaintiff challenges three actions Judge Branch took in the Criminal Case: her decision to include electronic monitoring as a condition of Plaintiff's pre-trial bond; her decisions not to remove counsel and not to allow Plaintiff to represent himself; and her order striking one of his pro se filings. (Doc. 1-1, PageID 11-12).

**<u>First</u>**, to the extent Plaintiff is asking this Court to overturn or invalidate Judge Branch's actions in the Criminal Case, his claim should be dismissed under the *Rooker-Feldman* doctrine. This doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district

court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 284 (2005).

This District Court does not have jurisdiction to directly review state court decisions. *See Hall v. Callahan*, 727 F.3d 450, 453 (6th Cir. 2013) ("Federal district courts do not stand as appellate courts for decisions of state courts.").[1] Only the United States Supreme Court has jurisdiction to review a case litigated and decided in a state court. 28 U.S.C. § 1257; *Exxon Mobil*, 544 U.S. at 292 (federal courts' "authority to review a state court's judgment" is vested "solely in [the Supreme] Court.").

An attack on a state court judgment on constitutional grounds can fall within the *Rooker-Feldman* bar. As an example:

> Suppose a state court, based purely on state law, terminates a father's parental rights and orders the state to take custody of his son. If the father sues in federal court for the return of his son on grounds that the state judgment violates his federal substantive due-process rights as a parent, he is complaining of an injury caused by the state judgment and seeking its reversal. This he may not do, regardless of whether he raised any constitutional claims in state court, because only the Supreme Court may hear appeals from state-court judgments.

*McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006) (quoting *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 87-88 (2d Cir. 2005)). "A plaintiff does not avoid this jurisdictional problem "by couching his claims against the various defendants in terms of a civil rights action." *Smith v. Lawrence Cnty. Sheriff's Dep't.*, 84 F. App'x 562, 563 (6th Cir. 2003).

---

[1] Collateral attack, rather than direct review, is permitted in habeas corpus cases, subject to the limitations discussed in those statutes. *See VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 407 (6th Cir. 2020) (Sutton, C.J., concurring) (discussing the roots of the *Rooker-Feldman* doctrine and noting that: "Just one federal statute to my knowledge empowers district courts to review final state court judgments, 28 U.S.C. § 2254(a), which allows federal habeas review of state prisoners' petitions for relief. Even that statute allows just collateral review, as opposed to direct review, of state court final judgments. That no other federal statute permits federal district courts to directly review state court judgments cements [28 U.S.C.] § 1257's implication that the U.S. Supreme Court normally is the exclusive route to appeal final state court judgments."). The Undersigned expresses no opinion on whether habeas corpus relief would be available to Plaintiff at this stage in his Criminal Case. *See generally Williams v. Sheriff, Greene Cnty. Adult Det. Ctr.*, No. 2:22-cv-4205, 2022 WL 17669945, at *3 (S.D. Ohio Dec. 14, 2022), *report and recommendation adopted*, 2023 WL 130732 (S.D. Ohio Jan. 9, 2023) (noting that although some pre-trial detainees may seek habeas relief, that relief is limited).

Here, Plaintiff alleges that Judge Branch's decision denying his motion to represent himself in the Criminal Case "interfered with [his] right to equal justice and due process" and "is a due process, violation and equal access to justice or law, which is protected by the 14th amendment." (Doc. 1-1, PageID 11-12). To the extent he seeks direct review and reversal of Judge Branch's three identified decisions, his claims should be dismissed with prejudice under the *Rooker-Feldman* doctrine.

**Second**, Judge Branch is immune from suit for all of Plaintiff's claims against her *in her official capacity*.

> [T]he Supreme Court has established via precedent that stretches back over one hundred and thirty years [that] states and their instrumentalities retain sovereign immunity from suits filed against them in federal courts whether brought by foreign or domestic citizens. And this immunity applies no matter what form of relief a plaintiff seeks against the state or its instrumentality.

*Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *4 (S.D. Ohio Dec. 21, 2023) (Cole, J.) (internal citation omitted).

A claim against Judge Branch in her official capacity as a judge of the Hamilton County Court of Common Pleas is the same as a claim against the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 269 (6th Cir. 1997) (concluding that an Ohio common pleas court was an arm of the state and a claim against a judge of that court was a claim against the state); *Laborers' Int'l Union of N. Am., Loc. 860 v. Neff*, 29 F.4th 325, 331 (6th Cir. 2022) (identifying many decisions that agree that "the courts in a State's third branch of government count as arms of the State"). "Because official capacity suits against state officials are suits against their employer—the state—[the state's sovereign] immunity also extends to such officers in their official capacities." *Williams*, 2023 WL 8824845, at *5 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984) and *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989)).

7

"There are three exceptions to a State's sovereign immunity" under the Eleventh Amendment:  when Congress has abrogated it, when the State has consented to suit, or when the *Ex Parte Young* exception applies.  *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507 (6th Cir. 2008) (citing *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 817 (6th Cir. 2000) and *Ex parte Young*, 209 U.S. 123 (1908)).  The first two exceptions do not apply here, as "Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983." *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020).  The third exception (the *Ex Parte Young* exception) which allows some state officials to be sued in their official capacity for purely prospective injunctive relief, also does not apply.  "That is because the *Ex parte Young* exception expressly prohibits injunctions directed toward state *judicial* officers regarding their adjudication of the cases and controversies put before them." *Williams*, 2023 WL 8824845, at *6 (citing *Ex Parte Young*, 209 U.S. at 163 (explaining that "an injunction against a state court" or its "machinery" "would be a violation of the whole scheme of our government")) (emphasis in original).  As no exception applies, all claims against Judge Branch *in her official capacity* are barred by the State of Ohio's sovereign immunity under the Eleventh Amendment and should be dismissed with prejudice.

This includes the apparent state law claim for false imprisonment; the *Ex Parte Young* exception does not apply to allow that claim to proceed either.  *See Smith*, 476 F. Supp. 3d at 651 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984) and *Ohioans Against Corp. Bailouts, LLC v. LaRose*, 417 F. Supp. 3d 962, 975-976 (S.D. Ohio 2019) (determining that the *Ex Parte Young* "doctrine does not apply to a state official's [alleged] violation of *state law*, to which Eleventh Amendment immunity applies.") (emphasis added).

**Third**, Section 1983 itself "bars injunctive relief against 'a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Wright v. Finley*, No. 1:19-cv-819, 2021 WL 680243, *4 (S.D. Ohio Feb. 22, 2021) (McFarland, J.) (quoting 42 U.S.C. § 1983). "Thus, the statute generally prohibits suits for injunctive relief against judicial officers but provides exceptions for violations of declaratory decrees or the unavailability of declaratory relief,"—factors that Plaintiff has not alleged here and do not otherwise appear to apply. *Id.* All claims for injunctive relief under § 1983 against Judge Branch *in her individual capacity* should therefore be dismissed with prejudice. *See Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) (concluding that a district court "properly dismissed plaintiffs' claim [against a judicial officer] seeking injunctive relief, because the plain language of § 1983 allows suits for injunctions only after a litigant has sought a declaratory judgment").

With respect to Judge Branch, this leaves only Plaintiff's state law claim for false imprisonment seeking injunctive relief against her in her individual capacity.[2] That claim is discussed in Section B.3 below.

2. The Cincinnati Police Department, the Hamilton County Prosecutor's Office, and the State of Ohio

It is not clear from the Complaint whether Plaintiff intended to name the Cincinnati Police Department, the Hamilton County Prosecutor's Office, and/or the State of Ohio as additional defendants in this case, or if he mentioned them to further identify the individual

---

[2] Had Plaintiff sued Judge Branch for monetary damages for these same issues, the claims would be barred by sovereign immunity as discussed above, or by absolute judicial immunity. *See Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991)) ("It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction.").

defendants or to refer to his Criminal Case. (*See* Doc. 1-1, PageID 5-6, 9). To the extent he has named them as defendants, they are not properly sued under 42 U.S.C. § 1983.

"Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will*, 491 U.S. at 64). The Cincinnati Police Department is not a person. *Patterson v. Cincinnati Police Dep't*., No. 1:22-cv-490, 2022 WL 4007610, at *3 (S.D. Ohio Sept. 2, 2022), *report and recommendation adopted,* 2022 WL 16555799 (S.D. Ohio Oct. 31, 2022). "The Cincinnati Police Department is 'a mere arm of the City' and 'not its own entity' and is therefore 'not capable of being sued.'" *Id*. (quoting *Hale v. Vance*, 267 F.Supp.2d 725, 737 (S.D. Ohio 2003) and citing *Rhodes v. McDaniel*, 945 F.2d 117, 12 (6th Cir. 1991) (Police Departments are part of a larger political subdivision and cannot be sued)).

The Hamilton County Prosecutor's Office is not a person either. *See Nalls v. Montgomery Cnty. Prosecutor's Off.*, No. 3:22-cv-243, 2023 WL 369955, at *5 (S.D. Ohio Jan. 24, 2023), *report and recommendation adopted*, 2023 WL 2081575 (S.D. Ohio Feb. 17, 2023) ("the complaint must be dismissed as to the Montgomery County Prosecutor's Office, as the county office is not a 'person' within the meaning of § 1983 or a legal entity capable of being sued."); *Howard v. Hamilton Cnty. Just. Ctr.*, No. 1:19-cv-926, 2019 WL 6686863, at *2 (S.D. Ohio Nov. 13, 2019), *report and recommendation adopted*, 2019 WL 6682153 (S.D. Ohio Dec. 6, 2019) ("a prosecutor's office is not an entity capable of being sued").

The State of Ohio is also not a person. *Patterson v. State of Ohio*, No. 1:19-cv-1524, 2019 WL 5190995, at *2 (N.D. Ohio Oct. 15, 2019) (citing *Will*, 491 U.S. at 65-66 (1989)) ("It is well-established that the State of Ohio is not a 'person' subject to suit under § 1983. Therefore,

Plaintiff fails to state a plausible § 1983 claim for relief against the State of Ohio.") (cleaned up).

In addition, as discussed above, the State of Ohio is immune from suit under the Eleventh

Amendment. *Boler v. Earley*, 865 F.3d 391, 409-10 (6th Cir. 2017) (citing *Ernst v. Rising*, 427

F.3d 351, 358 (6th Cir. 2005)) ("Sovereign immunity protects states . . . from suit in federal

court.").

Consequently, any claim under § 1983 against the Cincinnati Police Department, the

Hamilton County Prosecutor's Office and the State of Ohio should be <u>dismissed with prejudice</u>.

### 3. <u>Federal Criminal Statutes</u>

Plaintiff includes citations to several federal criminal statutes in his Complaint, as well as

some material explaining the statutes. (Doc. 1-1, PageID 12-15). These citations are not

explained or factually linked to any defendant and are insufficient to state a claim. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009) (labels and conclusions are insufficient to state a claim).

In addition, this Court can only consider alleged violations of criminal statutes "after a

federal grand jury has returned an indictment." *Kennedy v. Warden, Marysville Reformatory for*

*Women*, No. 2:20-cv-2979, 2021 WL 3578096, at *1 (S.D. Ohio Aug. 13, 2021). There is no

allegation here that a federal indictment has been returned against any Defendant, therefore no

prosecution of them can go forward in this case.

Moreover, these criminal statutes "do not provide for a private right of action" for a

private plaintiff. *Kelly v. City of New Philadelphia*, No. 5:11-cv-474, 2011 WL 3705151, at *2-3

(N.D. Ohio Aug. 22, 2011). In other words, "[a]lthough a federal prosecutor may begin a

judicial proceeding to enforce a criminal statute, a private citizen may not." *Abdel-Malak v.*

*Cape Fear Valley Med. Ctr.*, No. 5:20-cv-00221, 2020 WL 5792456, at *4 (E.D.N.C. July 24,

2020). "Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon

which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3-4 (S.D.

Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308-09 (6th Cir. 2004)).  Any claims based on the citations to the federal criminal statutes should therefore be dismissed with prejudice.

### B.     Claims that should be dismissed WITHOUT prejudice

#### 1.    Assistant Prosecuting Attorney Blake

Within the pro se Complaint (but not in the caption on the first page), Plaintiff names "Jordan Blake d/b/a Hamilton County Prosecutors Officers and Successors" as a defendant. (*Compare* Doc. 1-1, PageID 9 *with* PageID 5-6).  The online docket of the Criminal Case against Plaintiff shows that Blake represents the State of Ohio in that case.

Any claims against Prosecutor Blake should be dismissed, as the Complaint contains no allegations about him or her.  A plaintiff, even one proceeding pro se, must plead sufficient facts to show how *each defendant* allegedly violated plaintiff's rights.  *Reid v. City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (citing *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)).  "Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."  *Gilmore v. Corrs. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004).  Plaintiff fails to include any allegations about Prosecutor Blake in the Complaint, and therefore fails to state a claim against Blake on which relief may be granted.

Additionally, any claim based on how Blake prosecuted or is prosecuting the case against Plaintiff would likely be barred by sovereign immunity, as discussed above, or prosecutorial immunity.  *See Cady v. Arenac Cnty.*, 574 F.3d 334, 342 (6th Cir. 2009) (citing *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993)) ("prosecutors are considered state officials under Ohio law when they 'are responsible for prosecuting state criminal charges.'").

Prosecutors are "absolutely immune from liability" for actions that are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (citation and quotation marks omitted); *see also Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) ("a prosecutor who undertakes acts in the preparation or initiation of judicial proceedings is entitled to absolute immunity").

"The analytical key to prosecutorial immunity is whether the actions in question are those of an advocate." *Red Zone 12 LLC v. City of Columbus*, 758 F. App'x 508, 514 (6th Cir. 2019) (cleaned up). In other words, if "the conduct was 'undertaken in connection with [his or her] duties in functioning as a prosecutor,'" a prosecutor is immune. *Red Zone*, 758 F. App'x 508 at 513 (quoting *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006)). If the Court were to presume that Plaintiff was raising claims against Blake for his or her role in the pre-trial proceedings that Plaintiff challenges in the Complaint, any such prosecutorial actions would be protected. However, because the nature of Plaintiff's claim against Blake is not clear, the claim against him or her should be <u>dismissed without prejudice</u>.

## 2. Cincinnati Police Officers Dezarn, Goetz, Abt, and Dunahay

Plaintiff includes a paragraph in his Complaint alleging that "officers," presumably, those he has named as defendants:

> remove me out of the house without showing search warrant and the officers did not read me my memorandum rights. They left me in handcuffs, not allowing me to use the restroom. They proceeded to question me, and it was then when I informed them that they haven't read me my rights they released cuffs off of me only to sign memorandum paper.

(Doc. 1-1, PageID 11 (as in original)). The Undersigned understands Plaintiff to be referring to his rights as articulated in *Miranda v. Arizona*, 384 U.S. 436 (1966), which are also known as

13

"Miranda rights."[3]  These brief allegations against the Officer Defendants may present a claim

under the Fourth Amendment (unreasonable search and seizure), the Fifth Amendment

(compelled self-incrimination) and/or the Sixth Amendment (right to counsel).

The Court should not consider these claims at this time.  "Lacking extraordinary

circumstances, a federal court cannot enjoin a pending state criminal proceeding."  *WXYZ, Inc. v.*

*Hand*, 658 F.2d 420, 423 (6th Cir. 1981) (citing *Parker v. Turner*, 626 F.2d 1 (6th Cir. 1980) and

*Younger v. Harris*, 401 U.S. 37 (1971)).  Under the *Younger* abstention doctrine, a federal court

must abstain from considering claims where "[1] state proceedings are pending; [2] the state

proceedings involve an important state interest; and [3] the state proceeding will afford the

plaintiff an adequate opportunity to raise his constitutional claims."  *Kelm v. Hyatt,* 44 F.3d 415,

419 (6th Cir. 1995) (citing *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th

Cir. 1989)).

---

[3] In *Miranda*, the Supreme Court of the United States said:

> Our holding will be spelled out with some specificity in the pages which follow but briefly stated it is this:  the prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.  By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.  As for the procedural safeguards to be employed, unless other fully effective means are devised to inform accused persons of their right of silence and to assure a continuous opportunity to exercise it, the following measures are required.  **Prior to any questioning, the person must be warned that he has a right to remain silent, that any statement he does make may be used a evidence against him, and that he has a right to the presence of an attorney, either retained or appointed**.  The defendant may waive effectuation of these rights, provided the waiver is made voluntarily, knowingly and intelligently. If, however, he indicates in any manner and at any stage of the process that he wishes to consult with an attorney before speaking there can be no questioning.  Likewise, if the individual is alone and indicates in any manner that he does not wish to be interrogated, the police may not question him.  The mere fact that he may have answered some questions or volunteered some statements on his own does not deprive him of the right to refrain from answering any further inquiries until he has consulted with an attorney and thereafter consents to be questioned.

*Miranda*, 384 U.S. at 444-45 (emphasis added and footnote omitted).

14

The conditions for *Younger* abstention are met here. First, the Court takes judicial notice that, at the time this case was filed, and as of the date of this writing, Plaintiff's Criminal Case was pending in state court. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)) (courts may take judicial notice of court records available online to the public). *See also State of Ohio v. Anthony Thompson*, No. B2203847, available by name or case number search at https://www.courtclerk.org/records-search/ (last accessed January 30, 2024).

Second, the Criminal Case involves important state interests; "the prosecution of crimes implicates the important state interests of interpreting statutes and maintaining law and order within a state." *Folley v. Banks*, No. 20-3554, 2020 WL 9813535, *2 (6th Cir. Aug. 31, 2020). Third, there is no indication that the state proceedings cannot provide an opportunity for Plaintiff to raise his constitutional claims against the Defendant Officers. Federal courts must presume that state courts are able to protect the interests of a federal plaintiff. *Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987)).

Plaintiff has not identified any extraordinary circumstances that would overcome the *Younger* abstention doctrine. Extraordinary circumstances include "great and immediate" irreparable injury, state law that is "flagrantly and patently violative of express constitutional prohibitions," or "bad faith, harassment, or any other unusual circumstance that would call for equitable relief." *Younger*, 401 U.S. at 46, 53, 54; *see also Fieger v. Thomas*, 74 F.3d 740, 750 (6th Cir. 1996). These exceptions are narrowly interpreted. *Kalniz v. Ohio State Dental Bd.*, 699 F. Supp. 2d 966, 973 (S.D. Ohio 2010) (citations omitted). Here, the allegation in the Complaint against the Officer Defendants do not present such extraordinary circumstances and do not rise to the level of egregious bad faith or harassment required for an exception to *Younger* abstention.

15

*See Perez v. Ledesma*, 401 U.S. 82, 85 (1971) (the bad faith exception applies "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and . . . in other extraordinary circumstances where irreparable injury can be shown.").

Accordingly, the Undersigned concludes that this Court should abstain from considering the claims against the Officer Defendants. As Plaintiff has requested only equitable relief, it is appropriate for the Court to dismiss the claims without prejudice to refiling. *See Nimer v. Litchfield Twp. Bd. of Trustees*, 707 F.3d 699, 702 (6th Cir. 2013) ("If the plaintiffs seek equitable relief, such as an injunction, then the district court may exercise its discretion and decide whether to dismiss the case"). Because these issues may be raised and resolved in the state court trial or appellate proceedings, the Undersigned will recommend that the claims against the Officer Defendants be <u>dismissed without prejudice</u>.[4]

### 3. Judge Branch

Plaintiff appears to raise a state law false imprisonment claim against Judge Branch in her individual capacity, which does not appear to be barred by sovereign immunity or § 1983's statutory bar on injunctive relief against judicial officers.[5] Like the claims against the Defendant

---

[4] No determination is made on whether these claims may appropriately be raised in a federal civil or habeas corpus action at a later time. *See generally Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983").

[5] There may be an argument that this claim is barred by absolute judicial immunity. *Compare Wright v. Allen*, No. 1:16-cv-1031, 2016 WL 7647044, at *4 (S.D. Ohio Nov. 2, 2016), *report and recommendation adopted*, 2017 WL 25547 (S.D. Ohio Jan. 3, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 9 (1991)) ("The absolute immunity accorded to judges extends not only to claims for damages, but also to requests for injunctive and others forms of equitable relief") *with Pulliam v. Allen*, 466 U.S. 522, 536 (1984), *superseded, at least in part, by statute as recognized in Ward v. City of Norwalk*, 640 F. App'x 462, 467 (6th Cir. 2016) ("judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity"); *see also Mireles*, 502 U.S. at 10 n.1 (recognizing "that a judge is not absolutely immune . . . from a suit for prospective injunctive relief"). This determination may turn on whether the Court finds Plaintiff's requested relief to truly be prospective—which is not

Officers, there are no extraordinary circumstances identified in the Complaint, and the Court should abstain from considering these claims pursuant to *Younger*. *See Williams v. Warden, Summit Behav. Healthcare*, No. 2:23-cv-576, 2023 WL 2080353, at *6 (S.D. Ohio Feb. 17, 2023), *report and recommendation adopted sub nom. Williams v. Summit Behav. Healthcare*, 2023 WL 2854837 (S.D. Ohio Apr. 10, 2023) (observing, in a different context, that abstention is not overcome by a claim that the state trial court struck pro se filings because the criminal defendant was represented by counsel).

Alternatively, as no other claims can proceed against Judge Branch and it is recommended that the Court dismiss all the federal claims against all defendants, the Court should decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss the state law claim against Judge Branch without prejudice. *See Brooks v. Rothe,* 577 F.3d 701, 709 (6th Cir. 2009) (quoting *Wojnicz v. Davis*, 80 F. App'x. 382, 384-85 (6th Cir. 2003)) (a "district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. If the federal claims are dismissed before trial, the state claims generally should be dismissed as well.").

Under either theory, the state law claim against Judge Branch in her individual capacity should be <u>dismissed without prejudice</u>.

## IV.     Summary and Conclusion

Having screened the Complaint (Doc. 1-1) under 28 U.S.C. § 1915, the Undersigned **RECOMMENDS** that the Court **DISMISS** all the claims in this case. Specifically, the Court should dismiss:

---

perfectly clear from the Complaint. *See Williams v. Parikh*, No. 1:23-cv-167, 2023 WL 8824845, at *11 (S.D. Ohio Dec. 21, 2023) (analyzing whether requested injunctive relief was prospective or retroactive). The Court need not reach these thornier issues at this time, however, as the claim can be resolved on other grounds.

1. All claims against **Judge Branch,** as barred by the *Rooker-Feldman* doctrine, sovereign immunity, the statutory language of § 1983, *Younger* abstention, and/or because all the federal claims have been dismissed. The claims against Judge Branch should be dismissed <u>with prejudice</u>, except for the state law claim against her in her individual capacity for injunctive relief, which should be dismissed <u>without prejudice</u>. (Sections A.1, B.3).

2. Any claims against the **Cincinnati Police Department**, the **Hamilton County Prosecutor's Office**, and the **State of Ohio**, as these Defendants are not "persons" under § 1983 and the State is immune from suit under the Eleventh Amendment. These claims should be dismissed <u>with prejudice</u>. (Section A.2).

3. Any claims attempting to bring federal criminal charges against **any Defendant**. These claims should be dismissed <u>with prejudice</u>. (Section A.3).

4. All claims against **Assistant Prosecuting Attorney Blake**, as no plausible claim is stated against him or her. These claims should be dismissed <u>without prejudice</u>. (Section B.1).

5. All claims against **Officers Dezarn, Goetz, Abt, and Dunahay**, on the basis of *Younger* abstention. These claims should be dismissed <u>without prejudice</u>. (Section B.2).

The Undersigned further **RECOMMENDS** that the Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendations would not be taken in good faith, and therefore, deny Plaintiff leave to appeal it *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

Plaintiff may file objections to this recommendation, as noted in the next section. He is **ADVISED** that he must keep this Court informed of his address while this case is pending.

## V.     Notice Regarding Objections to this Report and Recommendation

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **within fourteen days** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

February 12, 2024

KAREN L. LITKOVITZ
UNITED STATES MAGISTRATE JUDGE